IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1778 |
| | ) | |
| LISA J. BOYLES, | ) | Chief Judge Ambrose |
| ROBERT L. BOYLES, | ) | Magistrate Judge Hay |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

The Court previously determined that the parties had raised but not fully addressed the issue of whether the case is properly subject to arbitration in the first instance. Accordingly, we ordered briefing. Upon review of the parties' briefs, it appears that the case is not properly subject to arbitration.

The defendants filed a claim with Allstate, their insurance carrier, for underinsured motorist ("UIM") coverage. The defendants' policy provides for payment of damages "to an insured person for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured auto." Policy No. 098-958-145 (doc. 10, p. 21 of 45). The policy also contains an arbitration agreement which expressly provides that any disagreements on damages are arbitrable and any disagreements involving coverage are not. Id. at p. 39.

Allstate filed the instant suit seeking a determination that, *inter alia*, defendants are precluded from UIM coverage since the jury award in defendants' suit against the tortfeasor constitutes collateral estoppel and/or *res judicata*, and/or since defendants executed a General Release in that tort action which has the legal effect of settling any UIM claim defendants might have had. Thus, Allstate's Complaint for Declaratory Judgment appears to concern an issue of coverage and not damages, which is not an arbitrable issue under the pertinent policy.

Defendants have not addressed the above noted arbitration provision. Instead, they point to the case of <u>Krakower v. Nationwide</u>, 790 A.2d 1039 (Pa. Super. 2001) as support for their conclusion that the case must proceed to arbitration in the first instance. In <u>Krakower</u>, the issue was whether an insured could proceed to UIM arbitration where the third-party tort action had not yet concluded. Here, the Boyles' third-party tort action has already concluded and, thus, is factually distinguishable. More importantly, the insurance policy at issue in <u>Krakower</u> specifically provided that disputes concerning the right to recover UIM coverage were to be resolved in arbitration. <u>Id.</u> at 1040. The Boyles have not pointed to any similar provision in their policy with Allstate and, indeed, it appears that the instant policy specifically precludes arbitration on disputes concerning UIM coverage. Thus, <u>Krakower</u> does not support the defendants' argument.

Given the specific language in the defendants' policy with Allstate, we find that the instant declaratory judgment action is not properly subject to arbitration in the first instance.

Because this Court dismissed Allstate's motion for summary judgment without prejudice to refiling following resolution of the arbitration question, Allstate shall have ten days, that is, until February 5, 2007, to refile its motion for summary judgment if it so desires. The Boyles shall have until March 7, 2007, to file any response in opposition.

So ORDERED this 22nd day of January, 2007.

/s/ *Amy Reynolds Hay*
AMY REYNOLDS HAY
United States Magistrate Judge

cc:   David J. Obermeier, Esquire
      Dickie, McCamey & Chilcote
      Two PPG Place
      Suite 400
      Pittsburgh, PA 15222-5402

      Lewis P. McEwen, Esquire
      Bogaty, McEwen & Sparks
      234 West Pine Street
      P.O. Box 510
      Grove City, PA 16127