IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1778 |
| | ) | |
| LISA J. BOYLES, | ) | Chief Judge Ambrose |
| ROBERT L. BOYLES, | ) | Magistrate Judge Hay |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the motion for summary judgment submitted on behalf of plaintiff (Docket No. 21) be granted.

II. REPORT

Presently before this Court for disposition is a motion for summary judgment brought by plaintiff Allstate Insurance Company ("Allstate").

Allstate commenced this action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure, requesting a declaration that the defendants, Lisa Boyles ("Lisa") and Robert Boyles ("Robert"), are not legally entitled to underinsured motorist ("UIM") benefits from Allstate as a result of an automobile accident that occurred in November, 1998.

According to the complaint, Lisa and Robert (the "Boyleses") purchased an automobile insurance policy from Allstate that provided UIM coverage. The Boyleses' UIM insurance policy with Allstate provides for the payment of damages "to an insured person for bodily injury which an insured person is legally entitled to recover from the owner or operator of

an underinsured auto," less the "amounts paid by the owner or operator of the uninsured or underinsured auto or anyone else responsible."  Policy No. 098-958-145 (doc. 10, pp. 21, 23 of 45).  On November 30, 1998, Lisa was involved in an automobile accident in which she and her two children claimed to have sustained injuries.  The Boyleses brought suit against the driver of the other car, Robert E. Corless ("Corless"), in the Court of Common Pleas of Mercer County, Pennsylvania.  On December 10, 2002, Allstate advised the Boyleses that it was "agree[ing] to waive its subrogation interest" and allowed them to "proceed to settle the pending tort claim through Erie Insurance Company for their limits."  Letter from Sheila Crawford, Allstate Insurance Company, December 10, 2002 (doc. 6-2, p. 1 of 2).  The Boyleses did not settle with Corless' insurance carrier, Erie Insurance Company ("Erie"), at that time, and in April, 2004, the case proceeded to trial in the Mercer County court.  The jury in that case returned a verdict in Lisa's favor and recommended an award of $10,000 less 25 percent for contributory negligence.  It also recommended a $2,500 award for each of the two minor children and a $5,000 award for Robert's loss of consortium claim.  Following the verdict, Lisa filed post trial motions with the trial court.  Before there were any rulings on those motions, however, Lisa settled with Erie for $21,626.  Corless' policy had a $100,000 limit so the settlement was entirely covered by the policy.  At the time of settlement, the Boyleses also executed a General Release of all claims.  This release stated that the Boyleses agreed to release "any and all other persons, firms, corporations and associations, of and from any and all causes of action, suits, rights, judgments, claims, and demands of whatsoever kind, in law or in equity, known and unknown, which I/we now have or may hereafter have . . . which heretofore has/have been or which hereafter may be sustained by me/us arising out of the accident on or about November 30, 1998 . . . ."  General

Release, 09/22/04 (doc. 1, Complaint Exhibit B, p. 1 of 2). This release did not except any claims against Allstate for any alleged or potential UIM claims.

On December 23, 2005, Allstate filed a complaint in this Court requesting a declaratory judgment that the Boyleses were precluded from UIM coverage. On March 13, 2006, Allstate filed a motion for summary judgment. This Court dismissed the summary judgment motion without prejudice in order to first determine whether the Court had jurisdiction or whether arbitration was necessary. In an order dated January 22, 2007, this Court determined that the issues in this case are not subject to arbitration. Allstate now files this second motion for summary judgment.

Allstate claims that it is entitled to summary judgment for two reasons. First, Allstate argues that the issue presented by the Boyleses' UIM claim against Allstate is identical to the issue decided by the jury in the underlying tort action and thus collateral estoppel and/or *res judicata* prevent relitigation of the issue. Second, Allstate argues that the Boyleses executed a General Release when they settled the underlying tort action and that the General Release has the legal effect of settling any UIM claim the Boyleses might have had. Upon review of the parties' briefs, it appears that Allstate is entitled to summary judgment based on collateral estoppel.

The first issue for this Court is whether Allstate is entitled to summary judgment on the basis that collateral estoppel and/or *res judicata* prevent the Boyleses from bringing their UIM claim against Allstate. Allstate claims that the issue of Corless' legal liability to the Boyleses was resolved by the Mercer County jury and is identical to the issue presented by the Boyleses UIM claim against Allstate. Since this issue has already been decided by the Mercer County court, Allstate argues that the Boyleses should be collaterally estopped from relitigating the issue.

3

If the issue of Corless' liability cannot be relitigated, Allstate argues that there is no genuine issue of material fact remaining and that it is therefore entitled to summary judgment on the Boyleses' UIM claim.

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ. P. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial* ... or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law." Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Thus, it must be determined "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 251-52.

Under Pennsylvania law, a party is precluded from relitigating an issue where:

> (1) the issue decided in the prior adjudication was identical with the one presented in the later action,
>
> (2) there was a final judgment on the merits,
>
> (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and
>
> (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

Tucker v. Philadelphia Daily News, 848 A.2d 113, 120 (Pa. 2004) (quoting Safeguard Mutual Insurance Co. v. Williams, 345 A.2d 664, 668 (Pa. 1975)). A "'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Shaffer v. Smith, 673 A.2d 872, 875 (Pa. 1996) (quoting Restatement (Second) of Judgments § 13 (1980)). A judgment remains final even if there is an appeal. Id. Under Pennsylvania law, a "state court jury verdict on damages is a 'final judgment' under section 13 and carries issue preclusive effect upon that issue." Greenleaf v. Garlock Inc., 174 F.3d 352, 358 (3d Cir. 1999). Relitigating an issue upon which a jury has already returned a verdict would be "unnecessarily duplicative and a waste of valuable judicial resources -- the precise evils that issue preclusion is designed to combat." Id. at 360-61. A full and fair opportunity to litigate the issue in the prior adjudication requires "an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action." Rue v. K-Mart Corp., 713 A.2d 82, 86 (Pa. 1998).

First, the issue decided in the Mercer County case was identical to the issue presented in this case. The Mercer County jury was asked to determine the damages that the Boyleses were legally entitled to recover from Corless. The Boyleses' right to a UIM claim

against Allstate relies on a resolution of the same issue.  The Boyleses' policy allows them to recover from Allstate the amount that they were  "legally entitled to recover from" Corless less the amount actually paid by Corless or his insurance company.  *See* Policy No. 098-958-145 (doc. 10, pp. 21, 23 of 45).  The amount that they were "legally entitled to recover from" Corless is the exact issue that the trial court was asked to decide and so there is identity of issues consistent with the first factor required for issue preclusion.

Second, there was a final judgment on the merits by the Mercer County court.  The Mercer County jury returned a verdict on damages, and a "state court jury verdict on damages is 'a final judgment'" under Pennsylvania law according to the Third Circuit's decision in Greenleaf.   174 F.3d at 358.  Even though the Boyleses cut the appeals process short by settling with Corless' insurance company, the jury verdict itself was "sufficiently firm to be accorded conclusive effect."  *See* Shaffer, 673 A.2d at 875.  To hold otherwise would allow relitigation of an issue that was "unnecessarily duplicative and a waste of valuable judicial resources."  *See* Greenleaf, 174 F.3d at 360-61.

Third, the party against whom collateral estoppel is asserted was a party to the prior adjudication.  The Boyleses are the parties against whom collateral estoppel is asserted and the Boyleses were parties in the prior adjudication.  The Boyleses argue that there can be no issue preclusion where Allstate was not a party to the original lawsuit.[1]  However, Pennsylvania law requires only that "the party against whom the plea is asserted" be a party to the original lawsuit.

---

[1] This argument was not raised in the Boyleses' March 7, 2007 Response to Allstate's January 25, 2007 Motion for summary judgment.  The Boyleses' current Brief in opposition to Allstate's current Motion for summary judgment does not address the issue of collateral estoppel at all.  However, the Boyleses' April 18, 2006 Brief in response to Allstate's original March 13, 2006 Motion for summary judgment does address the issue and so we address the argument.

Tucker, 848 A.2d at 120.  It is irrelevant to the question of collateral estoppel whether or not Allstate was a party in the suit between the Boyleses and Corless.

          Finally, the Boyleses did have a full and fair opportunity to litigate the issue of damages in the prior adjudication.  Corless' liability was the primary issue in the prior action and so the Boyleses had "an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action."  *See* Rue, 713 A.2d at 86.  The Boyleses argue that they did not have the opportunity to fully and fairly litigate the issue of Allstate's liability in the previous action and thus should not be precluded from litigating that question here.[2]  But Allstate is not claiming that its own liability cannot be litigated.  Rather it is claiming that its own liability is entirely dependent upon a resolution of Corless' liability, and that the Boyleses are collaterally estopped from relitigating Corless' liability.  The Boyleses had the opportunity to fully and fairly litigate Corless' liability in the Mercer County case and so the fourth element of issue preclusion is satisfied as to this issue.

          It is clear to this Court that the Boyleses are collaterally estopped from relitigating the issue of Corless' legal liability to them as a result of the November 30, 1998, automobile accident.  This issue is identical to the issue litigated in the Mercer County court, there was a final judgment on the merits in that court, the Boyleses were parties to that litigation, and the Boyleses had a full and fair opportunity to litigate the issue of their damages in that proceeding.  The jury in the underlying tort action determined that Corless was legally liable to the Boyleses for $17,500 as a result of the accident, and the Boyleses are precluded from relitigating the issue.

---

[2]This argument also appears in the Boyleses' April 18, 2006 Response to Allstate's first Motion for summary judgment, and not in the Boyleses' Response to the current Motion for summary judgment.

There is no genuine issue of material fact remaining in this case, and Allstate is entitled to summary judgment. The UIM portion of the Boyleses' insurance policy allows the Boyleses to recover from Allstate the amount that they were "legally entitled to recover from" Corless, less the amount that they actually received from Corless and Erie. *See* Policy No. 098-958-145 (doc. 10, pp 21, 23 of 45). Since relitigation of the issue of Corless' liability is barred by collateral estoppel, it is settled that Corless was legally liable to the Boyleses for $17,500.[3] Corless' insurance policy had a limit of $100,000 and the Boyleses do not argue that they recovered less than they were legally entitled to receive. Since the Boyleses present no argument that Allstate was liable to them for part of the $17,500 that Corless legally owed them, Allstate is entitled to summary judgment in this matter.

Allstate also claims that it is entitled to summary judgment based on a General Release executed by the Boyleses in the state tort action whereby they agreed not to bring suit against any other party on the basis of the underlying automobile accident. Since we recommend the grant of summary judgment on the grounds of collateral estoppel, we do not reach this issue.

For these reasons, it is recommended that Allstate's request for summary judgment be granted and that this Court declare that the Boyleses are precluded from underinsured motorist coverage for the accident at issue from their Allstate policy.

---

[3] $17,500 is the net amount of the jury award in the Mercer County case. It is calculated as follows:

| | |
|---|---:|
| Award to Lisa: | $10,000 |
| Award to Robert: | 5,000 |
| Award for Minor Child 1: | 2,500 |
| Award for Minor Child 2: | 2,500 |
| Subtotal | $20,000 |
| Less Reduction for Contributory Negligence: | < 2,500> |
| Net Award | $17,500 |

   Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objection shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                Respectfully submitted,

                */s/  Amy Reynolds Hay*
                United States Magistrate Judge

Dated: 11 June, 2007

cc: Hon. Donetta W. Ambrose
   Chief United States District Judge

   All counsel of record by Notice of Electronic Filing